IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSOLIDATED CASES

| | | |
|---|---|---|
| LAVAR DAVIS | : | CIVIL ACTION |
| v. | : | |
| SOLID WASTE SERVS., INC., t/d/b/a J.P. MASCARO & SONS | : | NO. 12-5628 (FILE IN THIS CASE) |

...........................................................................................................................................

| | | |
|---|---|---|
| BENJAMIN GAY | : | CIVIL ACTION |
| v. | : | |
| SOLID WASTE SERVS., INC., t/d/b/a J.P. MASCARO & SONS | : | NO. 12-5629 |

...........................................................................................................................................

| | | |
|---|---|---|
| THOMAS BRUCE JOHNSON | : | CIVIL ACTION |
| v. | : | |
| SOLID WASTE SERVS., INC., t/d/b/a J.P. MASCARO & SONS | : | NO. 12-5630 |

## REPORT AND RECOMMENDATION

THOMAS J. RUETER                                                             March 4, 2013
United States Magistrate Judge

        Presently before the court are: (1) defendant's Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Motion to Dismiss") (12-CV-5630 Doc. No. 8); (2) plaintiff's Answer in Opposition thereto ("Ans.") (12-CV-5630 Doc. No. 9); (3) defendant's Motion to Strike plaintiff's Answer ("Motion to Strike") (12-CV-5630 Doc. No. 10); and (4) plaintiff's Motion to Extend Time for Answer ("Motion to Extend Time") (12-CV-5630 Doc.

No. 11). For the reasons stated below, this court recommends that defendant's Motion to Dismiss be denied, defendant's Motion to Strike be denied, and plaintiff's Motion to Extend Time be granted.[1]

I. **DISCUSSION**

    1. **Motion to Dismiss**

In its Motion to Dismiss, defendant contends that portions of plaintiff's claims raised in the Complaint must be dismissed because plaintiff did not exhaust his administrative remedies by raising them before the Equal Employment Opportunity Commission ("EEOC"). It is undisputed that "[b]efore filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination charge with the EEOC . . .. The ensuing suit is limited to claims that are within the scope of the initial administrative charge." Barzanty v. Verizon PA, Inc., 361 F.App'x 411, 413-14 (3d Cir. 2010) (citations omitted) (not precedential). The Third Circuit Court of Appeals further stated that "[a]fter a charge is filed, 'the scope of a resulting private

---

[1] The motions at issue herein were originally filed in Civil Action No. 12-5630. By Order dated February 19, 2013, Chief Judge J. Curtis Joyner reassigned case Nos. 12-CV-5628, 12-CV-5629 and 12-CV-5630 to the Honorable Eduardo C. Robreno to consider plaintiffs' motions to consolidate. See 12-CV-5628 Doc. No. 22, 12-CV-5629 Doc. No. 16, and 12-CV-5630 Doc. No. 15. Judge Robreno granted the motions to consolidate and ordered that all further filings in these three cases shall be filed under Civil Action No. 12-5628. See 12-CV-5628 Doc. Nos. 23, 24, 12-CV-5629 Doc. Nos. 17, 18, and 12-CV-5630 Doc. Nos. 16, 17. The Complaints filed in these three cases asserting claims of race discrimination under Title VII are very similar; the Complaints in 12-CV-5628 and 12-CV-5629 allege nine counts, while the Complaint in 12-CV-5630 alleges fourteen counts. In Civil Action 12-5628, the undersigned recommended that defendant's motion to dismiss and motion to strike should be denied, and that plaintiff's motion to extend time should be granted. By order dated January 28, 2013, Judge Robreno approved and adopted the Report and Recommendation. See 12-CV-5628 Doc. Nos. 19, 20. In Civil Action No. 12-5629, the Honorable Ronald L. Buckwalter, pursuant to an order dated February 4, 2013, denied defendant's motion to dismiss and motion to strike, and denied as moot plaintiff's motion for extension of time. See 12-CV-5629 Doc. No. 14. The instant motions before the court are almost identical to the motions already disposed of in Civil Action Nos. 12-5628 and 12-5629.

civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . ..'" Id. at 414 (quoting Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978) (quotation omitted)).

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must "accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party." DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215 (3d Cir. 2007) (quotation omitted). To withstand a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The pleadings must contain sufficient factual allegations so as to state a facially plausible claim for relief. See, e.g., Gelman v. State Farm Mut. Auto. Ins. Co., 583 F.3d 187, 190 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)). In deciding a Rule 12(b)(6) motion, the court limits its inquiry to the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). See generally Oates v. Wells Fargo Bank, N.A., 880 F.Supp. 2d 620, 624 (E.D. Pa. 2012).

Plaintiff raises numerous claims in the counseled complaint filed in this civil action. Defendant contends that plaintiff's allegations claiming: (1) discrimination regarding

3

being assigned dangerous and unsafe fleet vehicles; (2) retaliation discrimination; (3) pattern and practice discrimination; (4) hostile work environment discrimination, and (5) discriminatory wage practices must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because they were not included in plaintiff's EEOC charges filed on March 23, 2012. (Motion to Dismiss at 3.)

As set forth above, a Title VII lawsuit is limited to claims that are within the scope of the initial administrative charge; the scope of any resulting private civil action in the district court is defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. See Barzanty, 361 F.App'x at 413-14. In Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984) (per curiam), the court held: "The relevant test in determining whether appellant was required to exhaust her administrative remedies . . . is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Id. at 237.

In this case, the core grievance – race discrimination – is the same. The EEOC did not complete an investigation of plaintiff's allegations of discrimination against defendant. As the courts have explained, it is anticipated that a claimant's allegations of discrimination will "grow out" of the originally stated charges. Had the EEOC completed an investigation, it would have considered additional facts as alleged by plaintiff in the EEOC documents attached to his Answer to the Motion to Dismiss.[2] Review of the EEOC documents reveals that the allegations

---

[2] As noted above in the text of this Report and Recommendation, it is well established that in considering a motion to dismiss filed pursuant to Fed. R. Civ. P. 12(b)(6), the court may consider: the facts alleged in the complaint and its attachments, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon these documents. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). See generally Oates v. Wells Fargo Bank, N.A., 880 F.Supp.2d 620, 624 (E.D. Pa. 2012).

in the instant federal complaint fall within the scope of the charges contained in plaintiff's EEOC submissions. Plaintiff's allegations in the EEOC documents support plaintiff's assertions set forth in his Complaint. Defendant's Motion to Dismiss should be denied.[3]

### 2. Defendant's Motion to Strike and Plaintiff's Motion to Extend Time

In its Motion to Strike, defendant seeks to strike plaintiff's Answer to the Motion to Dismiss and requests that the Motion to Dismiss be granted as unopposed. Defendant asserts that plaintiff filed the Answer four days late[4]. Plaintiff does not dispute that he filed the Answer four days late, but asserts cause and contends that defendant has not suffered prejudice. Plaintiff states that he and his office staff reviewed the Eastern District of Pennsylvania Local Rules as they appear on-line and concluded he had twenty-one days to file a response. Plaintiff filed the Answer within this deadline. Plaintiff was unaware that certain provisions of the Local Rules had been amended. Counsel have impressed this court as professional, caring attorneys

---

Consideration of items outside of these categories converts a motion to dismiss into a motion for summary judgment. Other than plaintiff's Notice of Right to Sue from the EEOC, none of the other EEOC documents were attached to the Complaint. Defendant in its Motion to Dismiss attached the EEOC's Notice of Charge of Discrimination mailed to defendant as well as plaintiff's one page EEOC Charge of Discrimination. Neither party contests the authenticity of these documents. In addition to these two documents relied upon by defendant in support of its Motion to Dismiss, additional EEOC documents were created contemporaneously with the Charge of Discrimination. Plaintiff attached these EEOC documents to his Answer. Defendant has not objected to these documents being considered with respect to its Motion to Dismiss and has not contested their authenticity. For these reasons, the court will consider the EEOC documents prepared by plaintiff.

[3] In the alternative, this court also finds that the claims asserted in the instant Complaint are within the scope of allegations set forth on the face of the Charge of Discrimination attached by defendant to the Motion to Dismiss as Exhibit 1.

[4] Defendant maintains that the Answer was due Thursday, December 20, 2012, but was filed Monday, December 24, 2012. (Motion to Strike at 2.)

providing excellent service to their clients. Plaintiff's counsel has not exhibited a history of disregard for court rules in this case. This court agrees that defendant has not suffered prejudice. Pursuant to Fed. R. Civ. P. 6(b)(1)(B), the court recommends that the Motion to Extend Time be granted and that the time for plaintiff to file his Answer be extended to December 24, 2012. The court further recommends that the Motion to Strike be denied.

**III.    CONCLUSION**

For all the above reasons, the court makes the following:

**RECOMMENDATION**

AND NOW, this 4th day of March, 2013, the court respectfully recommends that defendant's Motion to Dismiss be **DENIED**, defendant's Motion to Strike be **DENIED**, and plaintiff's Motion to Extend Time be **GRANTED**.

The parties may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

 /s/ Thomas J. Rueter
THOMAS J. RUETER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSOLIDATED CASES

| | | |
|---|---|---|
| LAVAR DAVIS | : | CIVIL ACTION |
| v. | : | |
| SOLID WASTE SERVS., INC., t/d/b/a J.P. MASCARO & SONS | : | NO. 12-5628 (FILE IN THIS CASE) |

...................................................................................................................................

| | | |
|---|---|---|
| BENJAMIN GAY | : | CIVIL ACTION |
| v. | : | |
| SOLID WASTE SERVS., INC., t/d/b/a J.P. MASCARO & SONS | : | NO. 12-5629 |

...................................................................................................................................

| | | |
|---|---|---|
| THOMAS BRUCE JOHNSON | : | CIVIL ACTION |
| v. | : | |
| SOLID WASTE SERVS., INC., t/d/b/a J.P. MASCARO & SONS | : | NO. 12-5630 |

## **O R D E R**

AND NOW, this    day of                  , 2013, upon careful and independent consideration of the pleadings and record herein, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

1. The Report and Recommendation is **APPROVED** and **ADOPTED**.

2. Defendant's Motion to Dismiss (12-CV-5630 Doc. No. 8) is **DENIED**.

3. Defendant's Motion to Strike Plaintiff's Answer (12-CV-5630 Doc. No. 10) is **DENIED**.

4. Plaintiff's Motion to Extend Time for Answer (12-CV-5630 Doc. No. 11) is **GRANTED**.

BY THE COURT:

_____
EDUARDO C. ROBRENO,　　J.